038654/01245/MHW/JFM

# IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

WILLIE HAMPTON,

        Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC. et al

        Defendants.

Case Number 1:13 cv 08598

Judge William T. Hart

## WEXFORD HEALTH SOURCES, INC.'S, FED R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for its Fed. R. Civ. P. 56 Motion for Summary Judgment, states as follows:

1.     Plaintiff, WILLIE HAMPTON, an inmate in the Illinois Department of Corrections ("IDOC"), currently serving an eighty-four (84) year term for multiple convictions, (including, but not limited to: aggravated criminal sexual assault; home invasion with a firearm; armed robbery; narcotics possession; and possession of a firearm) has filed a complaint against the IDOC's medical vendor, WEXFORD HEALTH SOURCES, INC. ("Wexford"), claiming violations related to, *inter alia*, failing to properly diagnose and treat his suspected non-tension glaucoma. *See* Defendant, Wexford's, 56.1 Statement of Undisputed Facts ("SOF"), ¶ 2, 4. The Plaintiff's Second Amended Complaint sues Wexford based solely on the actions of its agents or employees in knowing, but, allegedly, failing to properly treat the Plaintiff's suspected glaucoma. (SOF at ¶¶ 2-3). He does not allege that Wexford maintained any unconstitutional policy or widespread practice. (SOF at ¶ 3). In other words, the Plaintiff is suing Wexford based on a

theory of *respondeat superior* liability, a claim unequivocally barred by the controlling case law. Thus, Plaintiff's claim fails at the outset.

2. However, even if Plaintiff did raise a proper *Monell* liability claim against Wexford, the undisputed medical testimony finds that the Plaintiff has identified no unconstitutional policy, no unconstitutional widespread practice, nor has the Plaintiff shown that he even received inadequate medical treatment from Wexford medical personnel. Rather, the uncontroverted factual record demonstrates that the Plaintiff has received frequent on-site evaluation by independent optometrists, routine off-site consultation with medical specialists at the University of Illinois-Chicago Medical Center ("UIC"), specialized diagnostic testing, multiple types of prescription eye drops, and multiple pairs of eyeglasses. (SOF at ¶¶ 30 -33, 37-38, 40, 42, 43, 45, 46, 48, 49, 50, 53-54, 56, 58, 60). The undisputed factual record could not even support a claim of medical negligence against Wexford, let alone, a claim of constitutional deliberate indifference. In both pleading and in fact, Plaintiff's claims fail. Thus, this Court should grant summary judgment in Wexford's favor and against the Plaintiff, as a matter of law.

3. This is a claim based on 42 U.S.C. § 1983 and Wexford has consented to this Court's jurisdiction and venue by admission. (SOF at ¶ 1).

4. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "A mere scintilla of

evidence" in support of the non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997).

5.     The Plaintiff cannot sue Wexford based on a theory of *respondeat superior* liability.  The doctrine of *respondeat superior* liability does not apply to actions filed under 42 U.S.C. § 1983.  *Pacelli v. Devito*, 972 F.2d 871, 877 (7th Cir. 1992).

6.     Here, the Plaintiff has sued only Wexford, a private corporation.  (SOF at ¶ 3). He has not sued any individual medical provider.  In fact, Plaintiff's Second Amended Complaint does not even break down his allegations between Wexford and the individual non-medical IDOC Defendants.   Instead, he raises the exact same allegations against the two warden defendants as he does against Wexford - a medical company.  (Dkt. # 59).   Clearly, the Second Amended Complaint seeks to hold Wexford derivatively liable for the alleged actions of its employees rather than alleging any primary liability against Wexford.  If there was any question that the Plaintiff is attempting to sue Wexford based on *respondeat superior* liability, he cleared it up at his deposition when he stated, unambiguously, that he was suing Wexford only based on the actions of its employees.  (SOF at ¶ 3). This is an allegation of *respondeat superior* liability, which is prohibited in a Section 1983 claim.  Thus, Plaintiff's claim fails at the outset.

7.     Even if this Court interprets the Plaintiff's Second Amended Complaint as, somehow, stating an actual *Monell* claim against Wexford, he has not met his burden of proof in suing a corporation under Section 1983.  Private corporations acting under color of state law, like municipalities, may be held liable for injuries resulting from unconstitutional policies or practices.  *Monell*, 436 U.S. at 690-91; *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009).  There are two components to this inquiry, first the Plaintiff must show that

an unconstitutional policy or practice exists, and then, second, the Plaintiff must show that deliberate indifference occurred as a result of this unconstitutional policy or practice.

8.   First, the Plaintiff has not produced a single Wexford policy. Fact discovery has closed and the Plaintiff cannot point to a single Wexford policy because he never pled that Wexford had an unconstitutional policy, never asked for a single policy in discovery, and never requested a deposition of a Wexford Defendant in order to even discuss Wexford policies. Second, Plaintiff has produced no evidence that Wexford maintains a widespread unconstitutional practice. Initially, such language is wholly absent from Plaintiff's Second Amended Complaint and the Complaint does not even make reference to the medical care of any other prisoner besides the Plaintiff. (Dkt. # 59). Thus, Plaintiff has not alleged a widespread practice. Even if he had made such an allegation, he has no evidence to offer in support of that allegation because his discovery was limited only to the Plaintiff's medical records.

9.   Similarly, the Plaintiff cannot meet his high burden of proof on the second element of a *Monell* claim - that deliberate indifference occurred because of an unconstitutional policy or widespread practice. *Pembaur*, 475 U.S. at 479-80. The United States Supreme Court has articulated a three-part test for proving deliberate indifference. The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

10.   The Plaintiff cannot satisfy his burden of proving that Wexford knew about his alleged, defective medical care related to his suspected glaucoma. In order to establish subjective

4

knowledge, the Plaintiff must show that, "the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an 'excessive risk to inmate health or safety'". *Vance*, 97 F.3d at 993, citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Here, the Plaintiff admitted that <u>he never wrote any letters to Wexford regarding his medical concerns</u> and that he only wrote letters to IDOC employees Warden Hardy and Warden Williams. (SOF at ¶ 64). The record demonstrates that during multiple medical appointments with Wexford medical providers, the Plaintiff made no eye-related complaints of any kind. (SOF at ¶ 34, 36, 39, 51-52, 55, 57, 59, 61, 63).

11.     The Plaintiff cannot meet his burden of showing that the medical providers acted with the required culpability in treating his complaints. In order to infer the required culpability for a claim of deliberate indifference based on a medical professional's care, the medical professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

12.     Here, fact discovery has closed, and the only Doctor who reviewed the Plaintiff's medical records and provided testimony was Stateville's Medical Director, Dr. Obaisi. He testified that all Wexford medical providers complied with the applicable community standard of care in treating the Plaintiff's Non-Tension Glaucoma ("NTG"). (SOF at ¶ 75). In support of Plaintiff's claims of inadequate and delayed medical treatment, he relies only on his own, self-serving, lay opinions, rather than any testimony from a doctor or, otherwise, qualified medical professional. Without verifying medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of his medical treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker*, 30 Fed. App'x. 625, 628 (7th Cir. 1999). Nor has the Plaintiff met his burden

of providing verifying medical evidence supporting his allegation that delayed medical treatment actually caused him harm. *See Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996).

13.     The Plaintiff has failed to carry his burden of identifying a pattern of neglect. The Seventh Circuit requires that, when assessing whether the Plaintiff has satisfied the extremely high burden of proving deliberate indifference, the totality of an inmate's medical care must be considered not just the Plaintiff's selected excerpts. Here, the Plaintiff received extensive medical treatment by Wexford physicians for other medical conditions of which he makes no complaints. He has received treatment for athletes foot; getting a Q-tip stuck in his ear; shoulder pain; bicep pain; back pain; muscle pain when he hurt himself lifting weights in the prison yard; routine cardiac and hypertension monitoring; and headaches. (SOF at ¶ 34, 36, 51-53).

14.     The Plaintiff seeks punitive damages as a result of Wexford's alleged deliberate indifference; however, he has not proven any set of facts that would allow him to recover punitive damages. Section 1983 punitive damages are predicated on personal liability, not derivative liability, and as such are not available against a municipality or a corporation like Wexford. *See e.g., City of Newport v. Fact Concerts, Inc.*, 452 U.S. 247, 271 (1981); 42 U.S.C. §1983. Even if punitive damages were available against Wexford, Plaintiff has failed to articulate a set of facts justifying the imposition of punitive damages. Punitive damages may be awarded under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011). The undisputed factual record shows that no Wexford medical provider intended to cause harm to the Plaintiff; no Wexford medical provider acted recklessly in treating the Plaintiff; and no Wexford medical

6

provider caused any harm to the Plaintiff. (SOF at ¶ 76). In fact, all Wexford medical providers only desired the best possible medical outcome for this Plaintiff. (SOF at ¶ 76).

15.     Wexford incorporates its Local Rule 56.1 Statement of Undisputed Facts and Memorandum of Law in Support of Summary Judgment that are filed concurrently with this Motion.

WHEREFORE, Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests that this Honorable Court enter an Order granting summary judgment in its favor, dismissing the case, with prejudice, against it, costs, and for any other relief that this Court deems just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ James F. Maruna
        One of the Attorneys for Defendant,
        WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2017 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna

8453816 JMARUNA;JMARUNA